## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

STEVEN J. ABRAHAM, and
H LIMITED PARTNERSHIP
on behalf of themselves and others
similarly situated,

       Plaintiffs,

vs.                                           No. CIV 12-0917 JB/ACT

WPX ENERGY PRODUCTION, LLC,
f/k/a WILLIAMS PRODUCTION COMPANY,
LLC, WILLIAMS FOUR CORNERS, LLC,
and WILLIAMS ENERGY RESOURCES, LLC,

       Defendants.

## <u>MEMORANDUM OPINION</u>[1]

**THIS MATTER** comes before the Court on the Defendants' Motion for an Extension of Deadline to Respond to Plaintiffs' Motion for Class Certification, filed January 28, 2013 (Doc. 34)("Motion for Extension").   The Court held a hearing on May 1, 2013.   The Court will grant the Motion for Extension.   The Defendants filed the Defendants' Response in Opposition to Plaintiffs' Motion for Class Certification, filed January 28, 2013 (Doc. 35)("Certification Response"), and although it is not a substantive response, the parties agreed that it will serve as a placeholder until the parties conduct discovery and submit supplemental briefing.   Further, the Plaintiffs agreed to delay the class certification issue until they can discuss the possibility of consolidating this case with <u>The Anderson Living Trust v. WPX Energy Prod., LLC</u>, No. CIV

---

[1] On September 27, 2013, the Court entered an Order granting the Defendants' Motion for an Extension of Deadline to Respond to Plaintiffs' Motion for Class Certification, filed January 28, 2013 (Doc. 34).   <u>See</u> Order, filed September 27, 2013 (Doc. 75)("Order").   The Court stated that it would "at a later date issue an opinion more fully detailing its rationale for this decision." Order at 1 n.1.   This Memorandum Opinion is the promised opinion.

12-0040 JB/KBM (D.N.M. filed December 5, 2011, removed January 12, 2012)("<u>Anderson</u>").

## FACTUAL BACKGROUND

This matter arises from alleged royalty underpayments related to oil and gas leases in the

San Juan Basin in New Mexico and Colorado.   <u>See</u> Third Amended Class Action Complaint,

¶¶ 13-14, at 5, filed October 29, 2012 (Doc. 15)("TAC").

> The San Juan Basin, one of the largest natural gas producing fields located in northwest New Mexico and southwest Colorado, was originally developed in the early 1950's by El Paso Natural Gas Company . . . .   The natural gas produced in the San Juan Basin is conventional gas which contains methane (natural gas) and entrained natural gas liquids ("NGLs"), such as ethane and butane.   In order to make the gas safe to enter the interstate pipeline, the NGLs must be removed from the gas stream.

<u>Elliott Indus. Ltd. P'ship v. BP Am. Prod. Co.</u>, 407 F.3d 1091, 1099 (10th Cir. 2005)("<u>Elliott</u>

<u>Indus.</u>").   The named Plaintiffs include Steven J. Abraham, a New Mexico resident who "owns

mineral interests in Colorado and New Mexico," TAC ¶ 1, at 1, and H Limited Partnership, a New

Mexico limited partnership that owns mineral interests in New Mexico, <u>see</u> TAC ¶ 2, at 1-2.   The

Plaintiffs filed this class action on behalf of a proposed class membership to include

> [a]ll present and former owners of royalty and overriding royalty which burden oil and gas leases and wells in the San Juan Basin of Colorado . . . [and] New Mexico, which leases and wells are now or were formerly held by WPX Energy Production LLC, Williams Production Company LLC, or their corporate affiliates, successors or predecessors in title, which leases are producing or have been productive of conventional natural gas recovered from sandstone or shale formations, and which gas is or has been transported and delivered for extraction and marketing of natural gas liquids from the gas at the Ignacio Processing Plant in La Plata County, Colorado, the Kutz Plant in San Juan County, and the Lybrook Plant in Rio Arriba County, New Mexico.

TAC ¶ 22, at 7-8.   The Defendants include WPX Energy Production, LLC ("WPX Energy"), as

well as Williams Four Corners, LLC, and Williams Energy Resources, LLC (collectively

"Williams").   TAC ¶¶ 3-5, at 2-3.   WPX Energy is an "'upstream' exploration and production

company that owns, develops and operates oil and gas leases and gas wells in the Rocky Mountain west, including the San Juan Basin of Colorado and New Mexico and markets some of its gas production."   TAC ¶ 3, at 2.   Williams Four Corners is a "'midstream' enterprise that owns and operates a 3,500 mile natural gas gathering system and processing and fractionation facilities within the San Juan Basin of Colorado and New Mexico.   Williams Four Corners provides its services for gas produced by WPX Energy from its working interest in leases."   TAC ¶ 4, at 2. Williams Energy Resources "performs the functions of acquiring, selling and marketing the natural gas liquids, oil and other hydrocarbons produced by WPX Energy on its own behalf and on behalf of Williams Four Corners midstream business."   TAC ¶ 5, at 3.

    The Plaintiffs allege that the Defendants' "combined conduct" resulted in

    WPX's systemic underpayment of Royalty due to the failure to pay on the burdened
    leaseholds' production on NGLs and on oil and condensate, understating the
    liquids content of production, the improper charging of post-production expenses
    against production revenues, and deductions in the royalty computation of charges
    that are not actually incurred and are unreasonable.   NGLs produced as part of the
    gas stream are subsequently extracted at plants owned and operated by Williams
    and retained and disposed of by Williams free of royalty at a substantial financial
    detriment to the plaintiffs and the proposed class by reason of the challenged
    conduct in which Williams participates with WPX.   Although WPX has the
    contractual Royalty payment obligation, Williams are jointly responsible with
    WPX for the underpayment of plaintiffs' and the class' royalties.

TAC ¶ 14, at 5.   The Plaintiffs' claims against WPX Energy include breach of contract, see TAC ¶¶ 58-61, at 17-18; breach of the covenant of good faith and fair dealing, see TAC ¶¶ 62-65, at 18-19; breach of the implied covenant to market, see TAC ¶¶ 70-79, at 20-22; and violation of the New Mexico Oil and Gas Proceeds Payment Act, N.M.S.A. 1978, §§ 70-10-1 to 70-10-5, see TAC ¶¶ 86-88, at 23.   Their claims against Williams Four Corners and Williams Energy Resources are for unjust enrichment.   See TAC ¶¶ 66-69, at 19.   Against WPX Energy and Williams, the

Plaintiffs request declaratory judgment, accounting for the underpayments, and an injunction for the future royalty calculations and payments.   See TAC ¶¶ 80-85, at 22-23.

This case is similar to Anderson, which also arises from disputes over alleged unpaid royalty payments.   The Plaintiffs in Anderson "each own a non-cost bearing interest in the revenues derived from the production and sale of hydrocarbons pursuant to the terms of oil and gas leases owned or partially owned by Williams."   Third Amended Complaint for Underpayment of Oil and Gas Royalties ¶ 14, at 4, filed February 8, 2013 (Case No. CIV 12-0040 Doc. 88)("Anderson TAC").   The putative class in Anderson includes

> all other owners of 'non-cost bearing' interests in the subject wells, i.e. those who are similarly situated as owning royalty or overriding royalty in said wells, located in the States of New Mexico and Colorado, which involve the production of either conventional natural gas or CBM gas (in Colorado), as well as other hydrocarbons, in which Williams owns all or a portion of the leasehold or working interest in the oil and gas lease(s) covering said owners' interests, and produces and sells hydrocarbons under the terms of said leases . . . .

Anderson TAC ¶ 17, at 5.   In Anderson, as in this case, WPX Energy is a named defendant.   See Anderson TAC ¶ 9, at 2-3; TAC ¶ 3, at 2.   The Plaintiffs in Anderson did not bring claims against Williams Four Corners or Williams Energy Resources, but named as an additional defendant WPX Energy Rocky Mountain, LLC, f/k/a Williams Production RMT Company, LLC.   See Anderson TAC ¶ 10, at 3.

Although the claims in the two cases are similar, they are not identical.   This case involves disputes over conventional gas production, see TAC ¶ 13, at 5, while Anderson includes conventional gas production and coalbed methane production, see Anderson TAC ¶ 13, at 3.   Like this case, the Plaintiffs in Anderson assert breach of contract, see Anderson TAC ¶¶ 66-70, at 19-20; breach of the covenant of good faith and fair dealing, see Anderson TAC ¶¶ 41,42, 44, at

13-14, ¶ 67, at 19; breach of the duty to market, see Anderson TAC ¶¶ 47-59, at 15-17; and violations of the New Mexico Oil and Gas Proceeds Payment Act, N.M.S.A. 1978, §§ 70-10-1 to 70-10-5, see Anderson ¶¶ 60-65, at 18-19. The Anderson Plaintiffs allege, as a separate cause of action, fraud and misstatement of the value of gas and affiliate sales, see Anderson TAC ¶¶ 35-46, at 12-15, while the Plaintiffs in this case list fraudulent concealment as a reason to toll the statute of limitations, see TAC ¶¶ 55-57, at 16-17.

## PROCEDURAL BACKGROUND

On January 4, 2013, the Plaintiffs moved the Court to certify their "class of royalty and overriding royalty owners . . . ." Plaintiffs' Motion for Class Certification ¶ 3, at 1, filed January 4, 2013 (Doc. 30)("Motion for Class Certification"). On January 28, 2013, the Defendants filed their Motion for Extension and the Certification Response. In both the Motion for Extension and the Certification Response, the Defendants request that the Court delay its decision on the Motion for Class Certification until the Court decides the pending motions to dismiss[2] and until the parties have an opportunity to conduct discovery related to certifying the class. See Motion for Extension at 1; Certification Response at 1. "The dispositive nature of the motions to dismiss filed in this case as well as the potential impact of the motion to dismiss in the related case, Anderson Living Trust, provides good cause for extending the deadline to respond to Plaintiffs' Motion for Class Certification." Motion for Extension at 2. The Defendants argue

---

[2] The two motions to dismiss in this case included WPX Energy Production LLC's Motion to Dismiss or Stay Litigation, filed October 29, 2012 (Doc. 16), and Williams Four Corners, LLC's and Williams' Energy Resources LLC's Motion to Dismiss Plaintiffs' Third Claim for Relief, filed October 30, 2012 (Doc. 18). There was also a motion to dismiss pending in the Anderson case: Defendant WPX Energy Production, LLC and WPX Energy Rocky Mountain, LLC's Motion to Dismiss Plaintiffs' Second Amended Complaint for Underpayment of Oil and Gas Royalties, filed March 5, 2012 (Case No. CIV 12-0040 Doc. 18).

that requiring a substantive response to the Motion for Class Certification before the Court decides

the motions to dismiss "would result in duplication of effort and waste of resources for the

Plaintiffs and Defendants as well as the Court, particularly if the motions are granted."   Motion

for Extension at 2.   The Defendants further contend that, to properly respond to the Motion for

Class Certification, they need to conduct precertification discovery "on at least some of the

elements" of class certification, "including commonality, typicality, and adequacy of the class

representatives."   Motion for Extension at 6.

The Plaintiffs respond that "the Court should decide class certification at an early

practicable time.   For this case, filed August 28, 2012, that time is now."   Plaintiffs' Response in

Opposition to Defendants' Motion for Extension of Deadline to Respond to Plaintiffs' Motion for

Class Certification, filed February 11, 2013 (Doc. 36)("Response").   The Plaintiffs allege that the

Defendants do not need discovery, because the "defendants already know the relevant facts."

Response at 3.   The Plaintiffs say that the Defendants have access to much of the information they

claim to need.   Response at 7.   "WPX cannot claim it needs discovery from itself as a reason to

delay the Court's consideration of the motion for class certification."   Response at 7.   Regarding

the pending motions to dismiss, the Plaintiffs say that the Defendants are using tactics in this case

and the related Anderson case "to delay adjudication of both cases.   That is not a proper basis to

defer a class action determination."   Response at 5.

The Defendants reply that it is proper for the Court to decide the pending motions to

dismiss before deciding the class certification issue, because the parties fully briefed the motions

to dismiss by the end of November, 2012. See Defendants' Reply in Support of Motion for

Extension of Deadline to Respond to Plaintiffs' Motion for Class Certification, at 1, filed March 4,

2013 (Doc. 40)("Reply").   The Federal Rules of Civil Procedure provide that a court should decide class certification "at an early practicable time," Fed. R. Civ. P. 23(c)(1)(A), and the Defendants say that the Plaintiffs are in essence demanding that the motion "be decided immediately," Reply at 1 (emphasis in original).   The Defendants say that, even if they possess some of the information for class certification, they need to conduct discovery on issues such as fraudulent concealment, which raises questions of what the Plaintiffs knew, "when they knew it, and whether they actually relied on any statements or representations by the Defendants."   Reply at 7.   The Defendants point out that the parties agree that the Court has discretion to grant the extension and to decide the Motion for Class Certification after the motions to dismiss, and "that pre-certification discovery is often necessary and appropriate."   Reply at 8.   "The Defendants seek nothing but a reasonable opportunity to develop a record on which the Court can base its decision on the Motion for Class Certification."   Reply at 8.

The Court held a hearing on May 1, 2013.   See Transcript of Hearing (taken May 1, 2013), filed October 10, 2013 (Doc. 84)("Tr.").   The Court indicated that it wanted to allow discovery related to class certification, see Tr. at 16:1-2 (Court), and that, after discovery, the parties could supplement their current filings, see Tr. at 16:19-22 (Court).   The Court expressed its concern about moving forward with the Motion for Class Certification because of the related Anderson case.   See Tr. at 17:17-18:1 (Court).   The Anderson Plaintiffs filed their case before the Plaintiffs in this case filed theirs, and the Court said that the Anderson Plaintiffs may have been waiting to file a motion for class certification until the Court ruled on the pending motion to dismiss.   See Tr. at 17:5-16 (Court).   The Plaintiffs said that, before coming to the hearing, they decided to delay the Motion for Class Certification, with the idea that they may be able to work with the Plaintiffs in

the <u>Anderson</u> case to consolidate.   <u>See</u> Tr. at 18:4-10 (Condon).   "[W]e became a little reluctant

to push forward with our motion for class certification, because if you were to grant that and

appoint us as class counsel, you're basically X'ing out class counsel in the <u>Anderson Living Trust</u>

case . . . ."   Tr. at 18:13-16 (Condon).   The Court agreed with the Plaintiffs and said that it would

not discuss the Motion for Class Certification at that hearing.   <u>See</u> Tr. at 90:1-3 (Court).   The

Court said it would grant the Motion for Extension, because the Defendants filed the Certification

Response -- although it was not a substantive response to the Motion for Class Certification, it was

a timely response.   <u>See</u> Tr. at 89:23-25 (Court).   In granting the Motion for Extension, the Court

said it would allow the parties to conduct discovery, would permit supplemental briefing, and

would later set a class-certification hearing.   <u>See</u> Tr. at 91:2-5 (Court).   The Defendants clarified

that the Certification Response was not substantive, <u>see</u> Tr. at 93:10-12 (Sutphin), and the Court

said it would treat the Certification Response as a placeholder until the parties had a chance to

conduct discovery and submit supplemental briefing, <u>see</u> Tr. at 93:15-17, to which the Plaintiffs

agreed, <u>see</u> Tr. at 93:18 (Condon).

## LAW REGARDING EXTENSIONS OF TIME

Rule 6(b) of the Federal Rules of Civil Procedure governs the circumstances under which a

court can grant a party an extension of time to perform a specific act.   The rule states:

**(b) Extending Time.**

**(1) *In General*.**   When an act may or must be done within a specified time,
the court may, for good cause, extend the time:

**(A)** with or without motion or notice if the court acts, or if a request
is made, before the original time or its extension expires; or

**(B)** on motion made after the time has expired if the party failed to
act because of excusable neglect.

**(2) Exceptions.**   A court must not extend the time to act under Rules 50(b) and (d), 52(b), 59(b), (d), and (e), and 60(b).

Fed. R. Civ. P. 6(b) (bold in original).   "Good cause," necessary for an extension of time under rule 6(b)(1)(A),   "generally means a substantial reason amounting in law to a legal excuse for failing to perform an act required by law."   Black's Law Dictionary 692 (6th ed. 1990).   See Black's Law Dictionary 251 (9th ed. 2009)("***good cause***. . . .   A legally sufficient reason."). Showing good cause is not a particularly demanding requirement.   See United States v. Bd. of Cnty. Comm'rs, No. CIV. 08-0501 JB/WPL, 2010 WL 965607, at *4 (D.N.M. February 18, 2010)(Browning, J.)(granting an extension of time for good cause when "many of the impediments to timely filing a response . . . were the result of poor decision-making on the part of Ramirez' counsel," while "others were seasonal circumstances that a party filing a dispositive motion on Christmas Eve might foresee the opposing party raising"); United States v. Portillo-Quezada, Nos. 03-20051, 08-2295, 2010 WL 396309, at *1 (D. Kan. January 27, 2010)(finding good cause where attorney argued only that he "needs additional time to contact a witness for the Government at the trial of this case who may recant or change her testimony in material respects.   Completion of research and drafting of the memorandum in support is also needed"); Weingarten v. Optima Commc'n Sys., Inc., 544 F. Supp. 2d 193, 196 n.1 (S.D.N.Y. 2008)("Under Rule 6(b)(1)(A) . . . the court may, for good cause, extend the time to move if a request is made before the original time period expires.").

On the other hand, "a finding of excusable neglect under Rule 6(b)[(1)(B)] requires both a demonstration of good faith by the parties seeking the enlargement and also it must appear that there was a reasonable basis for not complying within the specified period."   In re Four Seasons

Sec. Law Litig., 493 F.2d 1288, 1290 (10th Cir. 1974).   See Putnam v. Morris, 833 F.2d 903, 905

(10th Cir. 1987)("[S]ome showing of good faith on the part of the party seeking the enlargement

and some reasonable basis for noncompliance within the time specified is normally required."

(internal quotation marks and emphasis omitted)).   "[I]t is well established that inadvertence,

ignorance of the rules, and mistakes construing the rules do not constitute excusable neglect for

purposes of Rule 6(b)."   Quigley v. Rosenthal, 427 F.3d 1232, 1238 (10th Cir. 2005).   Excusable

neglect, therefore, is a higher burden than good cause.

## ANALYSIS

At the May 1, 2013 hearing, the Court orally ruled on the Defendants' Motion for

Extension, and on related issues of discovery and supplemental briefing for the Motion for Class

Certification.   The Court now enters this written opinion and order memorializing those rulings.

For the reasons stated on the record, the Court grants the Motion for Extension.   The Defendants

timely filed the Certification Response and Motion for Extension, because the parties agreed to

extend the deadline to January 28, 2013.   See Defendants' Notice of Extension of Time, filed

January 22, 2013 (Doc. 32); Defendants' Notice of Extension of Time, filed January 23, 2013

(Doc. 33).   Although the Certification Response did not substantively respond to the Motion for

Class Certification, the Defendants did something -- not ignore the deadlines -- and given that they

did something, the Court finds good cause to grant the extension.   The Defendants did not request

the extension based on their inadvertence or delay in missing deadlines, but requested the

extension to allow discovery and to coordinate the timing of this case with Anderson.   Further, the

Plaintiffs agreed to wait to discuss class certification until they discussed consolidation with the

Anderson Plaintiffs.   The Court will grant the Motion for Extension, allow discovery related to

the Motion for Class Certification, permit supplemental briefing, and later hear the Motion for

Class Certification.

     **IT IS ORDERED** that the Defendants' Motion for an Extension of Deadline to Respond to

Plaintiffs' Motion for Class Certification, filed January 28, 2013 (Doc. 34), is granted.

_____
UNITED STATES DISTRICT JUDGE

*Counsel*:

Jake Eugene Gallegos
Michael J. Condon
Gallegos Law Firm, P.C.
Santa Fe, New Mexico

    *Attorneys for the Plaintiffs*

Sarah Gillett
Hall Estill Hardwick, P.C.
Tulsa, Oklahoma

--and--

Bradford C. Berge
Robert J. Sutphin
Elisa C. Dimas
Holland & Hart LLP
Santa Fe, New Mexico

    *Attorneys for the Defendants*