**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

**STEVEN J. ABRAHAM, and**
**H LIMITED PARTNERSHIP**
**on behalf of themselves and others**
**similarly situated,**

**Plaintiffs,**

**vs.** **No. 12-CV-00917-JB-CG**

**WPX ENERGY PRODUCTION, LLC,**
**f/k/a WILLIAMS PRODUCTION COMPANY, LLC,**
**WILLIAMS FOUR CORNERS, LLC and**
**WILLIAMS ENERGY RESOURCES, LLC,**

**Defendants.**

## MEMORANDUM IN SUPPORT OF MOTION TO VACATE CLASS CERTIFICATION HEARING

### Introduction

This case was filed after *Anderson.* In *Anderson,* the plaintiffs seek to certify a class that would completely subsume the proposed class, and all of the proposed claims, in this case. Whether a class can be certified in this case at all, therefore, can only be determined after the Court has decided the certification hearing in *Anderson.* For this reason, the defendants request that the certification motion in this case, which is currently scheduled for March 13, 2014, be vacated. The Court can reschedule the hearing, if necessary, after it has issued its opinion in *Anderson,* and it can be determined whether any class, or any claims, remain to be certified in this case.

### Argument

As the Tenth Circuit has stated, "Rule 23 was intended to promote the efficient resolution of claims in cases involving multiple parties with similar claims, to eliminate repetitious

litigation, and to avoid inconsistent judgments." *Gottleib v. Wiles,* 11 F.3d 1004, 1007 (10th Cir. 1993) (overruled on other grounds, *Devlin v. Scardelletti*, 536 U.S. 1, 122 S.Ct. 2005, 153 L.Ed. 2d 27 (2002)). This case, however, *subjects* WPX to repetitious litigation against multiple parties with similar claims, as well as the prospect of inconsistent judgments.

The plaintiffs in this case have asked this Court to certify a class that includes:

> all present and former owners of royalty and overriding royalty that burden oil and gas leases and wells in the San Juan Basin of Colorado, and all present and former owners of royalty and overriding royalty that burden oil and gas leases and wells in the San Juan Basin of New Mexico, which leases and wells are now or were formerly held by WPX Energy Production LLC, Williams Production LLC, or their corporate affiliates, successors or predecessor in title, which leases are producing or have been productive of conventional natural gas recovered from sandstone or shale formations, and which gas is or has been transported and delivered for extraction and marketing of natural gas liquids from the gas at the Ignacio Processing Plant in La Plata County, Colorado, the Kutz Plant in San Juan County, or the Lybrook Plant in Rio Arriba County, New Mexico.

This proposed class is entirely subsumed into the class that has been proposed in *Anderson Living Trust, et al. v. WPX Energy Production, LLC, et al.,* No. 12-CV-00040 JB-LFG, which is also pending before this Court. The plaintiffs in *Anderson* have proposed a class that includes:

> All persons or entities who own non-cost bearing interests, which are subject to oil and gas leases productive of natural gas and other hydrocarbons, now owned or previously owned in whole or in part by WPX and its predecessors by name change, conveyance or acquisition in the States of New Mexico and Colorado.

A comparison of the operative complaints in the two cases confirms that the claims asserted and the class period proposed in this case are entirely included in *Anderson.* The Court has scheduled a hearing on class certification in *Anderson* for March 10, 2014, to be immediately followed by a hearing on certification in this case. The defendants request that the hearing in this

matter be deferred until after the certification motion in *Anderson* has been decided, and that a hearing be set thereafter only in the event that the *Anderson* class is not certified.

Because the plaintiffs' claims in this case are subsumed by *Anderson,* the defendants moved in October, 2012, to dismiss or stay this case. The motion was heard in May, 2013, and in September, 2013, the Court issued an order denying the motion "without prejudice to WPX Energy Production, LLC renewing the motion later in the proceedings if appropriate." Doc. 73, p. 1. The order stated, in a footnote, that the Court intended to "…at a later date, issue an opinion more fully detailing its rationale for this decision." To date, no such opinion has been issued. At the hearing, however, the Court did observe that "…if for some reason we keep these cases on separate tracks and you ended up with two class actions certified *or about to be certified* or something like that, then I think we'd have to deal with, you know, the fact that we really do have two cases going on…" Transcript of Motion Hearing, 5/1/2013, p. 31, Doc. 84. The Court further stated that "…if we don't collaboratively work out how we're going to litigate these … two cases, and then at that point I may have to make some decisions about how we're going to do it." Id., p. 33-34.

WPX submits, respectfully, that these cases have reached "that point," because plaintiffs' respective counsel in these two cases have been unable to work collaboratively.

In an effort to promote such "collaboration" the defendants moved to consolidate the two cases for pretrial purposes. As the Seventh Circuit has observed, "[b]y far the best means of avoiding wasteful overlap when related suits are pending in the same court is to consolidate all before a single judge." *Blair v. Equifax Check Servs., Inc.*, 181 F.3d 832, 838 (7th Cir. 1999) (FDCPA class action). When consolidation was discussed at the May 1, 2013 hearing, this Court observed that it was "open to that." But at a subsequent hearing, in September, 2013, the Court

stated that it was "probably not going to be too excited about a motion to consolidate." The plaintiffs in *Abraham* did not oppose consolidation; the plaintiffs in *Anderson* did, however, and the motion remains pending in both cases.

In the meantime, discovery has proceeded in both cases, and because it has not been limited to discovery on certification issues, the plaintiffs in both cases have engaged in extensive, duplicative discovery on the merits of these cases as well as certification. And while the discovery targets the same issues, WPX has been forced to respond to multiple sets of written discovery in both cases. Witnesses have been prepared and deposed twice. Defendants prepared six expert reports, instead of three, and must be concerned with opposing six experts, instead of three. Despite defendants' best efforts, the cases remain separate and distinct, and the resulting cost and inefficiency cannot be understated. Instead of repetition and duplication being minimized, the precise opposite has occurred, and the burden on WPX has doubled, at least.

The Court has scheduled a hearing on the plaintiffs' motion for class certification in this case for March 13, 2014, which is immediately following the certification hearing that is scheduled in *Anderson.* Like the other motions in these cases, the certification motions present complicated factual and legal issues, and because this Court will undoubtedly address the motions thoughtfully and thoroughly, WPX anticipates that the motion in *Anderson* will be taken under advisement, and decided at a later date. WPX respectfully requests that the motion for class certification in this case be set for hearing after the Court has issued its opinion on the certification motion in *Anderson*, and only if the motion in *Anderson* is denied.

The grounds for this motion are ample and obvious, and squarely rooted in judicial economy, conservation of resources, and fairness. If the Court certifies the class that has been proposed in *Anderson*, it will include the putative class in this case and the certification motion

pending in this case would be moot. If the Court certifies the *Anderson* motion in part, then whether a class remains to be certified or claims remain to be litigated in this case will be determined based upon the *Anderson* order.

In addition, the Court's decision on motions currently pending in this case could impact certification. For instance, the plaintiffs' motion for leave to file a fourth amended complaint seeks to add a claim for civil conspiracy. That motion potentially impacts not only certification, but also the defendants' ability to be jointly represented by the same counsel in this case. In addition, because plaintiffs do not have standing to assert some of the claims they purport to assert on behalf of the class, the defendants have recently moved to dismiss those claims. *Motion to Dismiss,* Doc. 131.

The burden on the defendants is obvious, and it will continue to grow for as long as the two cases are allowed to proceed independently. The burden imposed on both sides, to prepare for and participate in a multi-day evidentiary hearing, is just as obvious, and given that the certification motion could be rendered moot by the Court's decision in *Anderson,* it is a burden that can and should be avoided.

It is also obvious that the requested relief will not prejudice the plaintiffs. In fact, deferring the certification hearing in this case will benefit the plaintiffs as well as the defendants, because they, too, will know whether their proposed class could be granted before expending the energy and resources at a hearing. To proceed with a hearing on the plaintiffs' certification motion now, when there is a real prospect that the motion may soon be moot, makes no sense.

**<u>Conclusion</u>**

According to the Manual for Complex Litigation, Fourth, when multiple, overlapping class actions are pending at the same time, "the certification decision requires the judge to

consider the relationship among the cases." The most efficient and economical way to consider the relationship among these cases is to first decide the certification motion in *Anderson*, and address certification in this case only if there are claims or putative class members remaining. For this reason, and for all of the reasons stated, the defendants respectfully request that the certification hearing in this case be postponed.

Respectfully,

**HOLLAND & HART LLP**

*/s/ Bradford C. Berge*

Bradford C. Berge
Mark F. Sheridan
Robert J. Sutphin
John C. Anderson
Post Office Box 2208
Santa Fe, New Mexico 87504-2208
Phone (505) 988-4421
bberge@hollandhart.com
msheridan@hollandhart.com
rsutphin@hollandhart.com
jcanderson@hollandhart.com

Christopher A. Chrisman
555 17th Street, Suite 3200
Denver, CO 80202
Phone 303-295-8000
cachrisman@hollandhart.com

Sarah Jane Gillett
Dustin Perry
HALL, ESTILL, HARDWICK, GABLE, GOLDEN & NELSON, P.C.
320 South Boston Avenue, Suite 200
Tulsa, OK 74103-3706
(918) 594-0400/Fax (918) 594-0505
sgillett@hallestill.com
dperry@hallestill.com

**Attorneys for Defendants**

**CERTIFICATE OF SERVICE**

I hereby certify that on the 13th day of February 2014, I filed the foregoing electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

Jake Eugene Gallegos
Michael J. Condon
Gallegos Law Firm, P.C.
460 St. Michael's Drive, Bldg. 300
Santa Fe, NM 87505
Phone: 505-983-6686
Fax: 505-986-1367
jeg@gallegoslawfirm.net
mjc@gallegoslawfirm.net

*/s/ Bradford C. Berge*
Bradford C. Berge

6670760_1