## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

The ANDERSON LIVING TRUST f/k/a THE
JAMES H. ANDERSON LIVING TRUST; THE
PRITCHET LIVING TRUST; CYNTHIA W.
SADLER; ROBERT WESTFALL; LEE WILEY
MONCRIEF 1998 TRUST; KELLY COX
TESTAMENTARY TRUST 7/1238401,
MINNIE PATTON SCHOLARSHIP FOUNDATION
TRUST AND SWMF PROPERTIES, INC.

        Plaintiffs,

vs.                                                              No. CIV 12-0040 JB/WPL

WPX ENERGY PRODUCTION, LLC f/k/a
WPX ENERGY SAN JUAN, LLC and
WILLIAMS PRODUCTION COMPANY,
LLC, and WPX ENERGY ROCKY MOUNTAIN,
LLC, F/K/A WILLIAMS PRODUCTION RMT
COMPANY, LLC,

        Defendants,

and

STEVEN J. ABRAHAM, and H LIMITED
PARTNERSHIP on behalf of themselves and others
similarly situated,

        Plaintiffs,

vs.                                                              No. CIV 12-0917 JB/CG

WPX ENERGY PRODUCTION, LLC, f/k/a
WILLIAMS PRODUCTION COMPANY, LLC
WILLIAMS FOUR CORNERS, LLC and
WILLIAMS ENERGY RESOURCES, LLC,

        Defendants.

## <u>MEMORANDUM OPINION AND ORDER</u>

**THIS MATTER** comes before the Court on: (i) the Defendants' Emergency Motion to Vacate Class Certification Hearing, filed March 7, 2014 (Case No. CIV 12-0040 Doc. 220)("Opposed Emergency Motion"); and (ii) the Defendants' Unopposed Emergency Motion to Vacate Class Certification Hearing, filed March 7, 2014 (Case No. CIV 12-0917 Doc. 165)("Unopposed Emergency Motion"). On March 7, 2014, the Court held a hearing on the two motions in the two separate, unconsolidated cases of <u>The Anderson Living Trust v. WPX Energy Prod., LLC</u>, No. CIV 12-0040 JB/WPL (D.N.M. filed in state court December 5, 2011, removed to federal court January 12, 2012)("<u>Anderson</u>"), and <u>Abraham v. WPX Energy Prod., LLC</u>, No. CIV 12-0917 JB/CG (D.N.M. filed August 28, 2012)("<u>Abraham</u>"). The primary issue is whether the Court should vacate and reschedule the class certification hearings presently set on March 10-12, 2010, for the <u>Anderson</u> case and March 13-14, 2014, for the <u>Abraham</u> case, because one of the Defendants' expert witnesses will be unavailable for the class certification hearings as a result of her father's unexpected death on March 7, 2014. Because the Defendants' expert witness may testify at a later date, because the expert witness can use the hearing transcript in her attempt to discredit the Plaintiffs' expert witnesses in the <u>Anderson</u> case, and because the <u>Anderson</u> Plaintiffs have out-of-state attorneys, expert witnesses, and Plaintiffs traveling on the eve of the hearing, the Court will deny the Opposed Emergency Motion. The <u>Abraham</u> Plaintiffs preserved their position that their class certification hearing should begin on March 13, 2014, if the Opposed Emergency Motion was denied. The Court, therefore, denies the Unopposed Emergency Motion.

## **FACTUAL BACKGROUND**

The Anderson case and the Abraham case arise from overlapping, although not identical, disputes over alleged unpaid royalty payments.  The Plaintiffs in Anderson "each own a non-cost bearing interest in the revenues derived from the production and sale of hydrocarbons pursuant to the terms of oil and gas leases owned or partially owned by Williams."   Third Amended Complaint for Underpayment of Oil and Gas Royalties ¶ 14, at 4, filed February 8, 2013 (Case No. CIV 12-0040 Doc. 88)("Anderson TAC").  The putative class in Anderson includes

> all other owners of 'non-cost bearing' interests in the subject wells, i.e. those who are similarly situated as owning royalty or overriding royalty in said wells, located in the States of New Mexico and Colorado, which involve the production of either conventional natural gas or CBM gas (in Colorado), as well as other hydrocarbons, in which Williams owns all or a portion of the leasehold or working interest in the oil and gas lease(s) covering said owners' interests, and produces and sells hydrocarbons under the terms of said leases. . . .

Anderson TAC ¶ 17, at 5.  The Plaintiffs in Abraham bring their action as a class action "on their behalf and on behalf of all current and former owners of Royalty burdening San Juan Basin oil and gas leases and wells now or formerly owned by WPX and its corporate predecessors that are or have been productive of conventional natural gas in the San Juan Basin."   Third Amended Complaint ¶ 15, at 6, filed October 29, 2012 (Case No. CIV 12-0917 Doc. 15)("Abraham TAC").

The two cases overlap in regards to the Defendants.  In both cases, WPX Energy Production, LLC, f/k/a Williams Production Company, LLC, is a named defendant.  See Anderson TAC ¶ 9, at 2-3; Abraham TAC ¶ 3, at 2.  In Anderson, an additional defendant is WPX Energy Rocky Mountain, LLC, f/k/a Williams Production RMT Company, LLC.  See Anderson TAC ¶ 10, at 3.  In Abraham, the two additional defendants are Williams Four

Corners, LLC, and Williams Energy Resources, LLC.  See Abraham TAC ¶¶ 4-5, at 2-3.  The attorneys for the Defendants in Anderson also represent the Defendants in Abraham.

## PROCEDURAL BACKGROUND

The claims in the two cases are similar, but not identical.  Abraham involves disputes over conventional gas production, see Abraham TAC ¶ 13, at 5, while Anderson includes conventional gas production and coalbed methane production, see Anderson TAC ¶ 13, at 3.  The Plaintiffs in both cases assert breach of contract, see Anderson TAC ¶¶ 66-70, at 19-20; Abraham TAC ¶¶ 58-61, at 17-18; breach of good faith and fair dealing, see Anderson TAC ¶¶ 41, 42, 44, at 13-14, ¶ 67, at 19; Abraham TAC ¶¶ 62-65, at 18-19; breach of the duty to market, see Anderson TAC ¶¶ 47-59, at 15-17; Abraham TAC ¶¶ 70-79, at 20-22; and violations of the New Mexico Oil and Gas Proceeds Payment Act, N.M. Stat. Ann. §§ 70-10-1 to 70-10-5, see Anderson TAC ¶¶ 60-65, at 18-19; Abraham TAC ¶¶ 86-88, at 23.  The Abraham case alleges unjust enrichment claims against Williams Four Corners and Williams Energy Resources. See Abraham TAC ¶¶ 66-69, at 19.  The Anderson case lists, as a separate cause of action, fraud and misstatement of the value of gas and affiliate sales, see Anderson TAC ¶¶ 35-46, at 12-15, while the Abraham case lists fraudulent concealment as a reason to toll the statute of limitations, see Abraham TAC ¶¶ 55-57, at 16-17.

The Anderson case and Abraham case are currently set for class certification hearings on March 10-12, 2014, and March 13-14, 2014, respectively.  See Unopposed Emergency Motion ¶ 1, at 1; Opposed Emergency Motion ¶ 1, at 1.  In both cases, the Defendants listed Kris Terry as an expert witness.  See Opposed Emergency Motion ¶ 1, at 1; Unopposed Emergency Motion ¶ 1, at 1.  Terry is expected to testify on the following matters: (i) "the oil and gas industry," (ii) "the royalty instruments at issue [under both cases]," (iii) "the meaning and usage of the

relevant terms of the various instruments," and (iv) "the historical context and the circumstances that informed the parties' understanding of those terms."  Opposed Emergency Motion ¶ 2, at 1; Unopposed Emergency Motion ¶ 2, at 1.  Further, the Defendants will use Terry as a consultant to assess the Plaintiffs' expert testimonies and assist their cross examination of these witnesses. See Opposed Emergency Motion ¶ 2, at 1-2; Unopposed Emergency Motion ¶ 2, at 1-2.

On March 7, 2014, Terry informed the Defendants that she will be unavailable for the class certification hearing, because her father unexpectedly passed away.  See Liberty Tape Recorder at 5:37:02-37:19 (Sheridan), taken March 7, 2014 ("Liberty").  Terry is traveling to Western Oklahoma, where her father resided.  See Liberty at 5:37:24-37:29 (Sheridan).  The Defendants stated that they will not be able to communicate with Terry in Western Oklahoma. See Liberty at 5:37:27-37:31 (Sheridan).

Pursuant to local rule 7.1, the Defendants contacted the Plaintiffs in the Anderson and Abraham cases regarding the Opposed Emergency Motion and Unopposed Emergency Motion. See D.N.M. LR-Civ. 7.1.  The Anderson Plaintiffs oppose the Opposed Emergency Motion, but the Abraham Plaintiffs do not; the Abraham Plaintiffs assert that they want to maintain the set date for the class certification hearing if the Court denies the Opposed Emergency Motion.  See Opposed Emergency Motion ¶ 3, at 2; Unopposed Emergency Motion ¶ 3, at 2.

At the hearings on Friday, March 7, 2014, at 5:38 p.m. -- a mere 62 hours before the March 10, 2014, hearing -- the Defendants argued that it is "essential" to their defense for Terry to be present at the hearing, fully participate, and listen to the live testimony.  See Liberty at 5:38:12-38:31; id at 5:44:25-44:41 (Sheridan).  The Defendants contended that a court's decision on a class certification hearing often turns on the evaluation of expert testimony.  See Liberty at 5:36:40-36:58 (Sheridan).  The Anderson Plaintiffs argued that Terry could testify at a later date.

See Liberty at 5:35:04-35:26 (Zedalis).  The Anderson Plaintiffs further contended that she has available the deposition transcripts on their witnesses and will receive the hearing transcript.  See Liberty at 5:35:31-5:35:54 (Zedalis).  Further, the Anderson Plaintiffs asserted that Terry's deposition could be admitted as an alternative to her testimony.  See Liberty at 5:42:06-42:17 (Zedalis).

The Anderson Plaintiffs argued that vacating the class certification hearing would be heavily burdensome, because they have out-of-state attorneys, expert witnesses, and Plaintiffs traveling to Albuquerque, New Mexico for this hearing, which has been set for months on March 10-12, 2014.  See Liberty at 5:34:20-35:59 (Zedalis).  According to the Plaintiffs, some of the witnesses have non-refundable airline tickets.  See Liberty at 5:34:53-34:57 (Zedalis).  The Defendants stated that the Anderson Plaintiffs' inconvenience is "primarily monetary" and that the Defendants may be able to pay these costs.  Liberty at 5:37:34-38:08 (Sheridan).  The Abraham Plaintiffs reaffirmed that they do not oppose vacating the class certification if the Court grants the Opposed Emergency Motion.  See Liberty at 5:43:43-43:48 (Gallegos).  The Abraham Plaintiffs preserved their position that, if the Court denies the Opposed Emergency Motion, the Abraham class certification hearing should begin on March 13, 2014.  See Liberty at 5:43:43-43:58 (Gallegos).

The Court stated that it would deny the Opposed Emergency Motion.  See Liberty at 5:48:15-48:23 (Court).  It said that this decision will inconvenience either the Defendants or the Anderson Plaintiffs, and the Court is unwilling to shift the inconvenience onto the Plaintiffs.  See Liberty at 5:46:44-46:55 (Court).  Moreover, the Court asserted that the Defendants will not be prejudiced, because Terry will be allowed to testify at a later date for the class certification hearing.  See Liberty at 5:47:12-47:30 (Court).  Because the Abraham Plaintiffs preserved their

position on this matter, the Court stated that it would deny the Unopposed Emergency Motion.

See Liberty at 5:48:23-48:39 (Court).

## LAW REGARDING GRANTING CONTINUANCES

The United States Court of Appeals for the Tenth Circuit has articulated four factors for evaluating motions for continuance: (i) "the diligence of the party requesting the continuance;" (ii) "the likelihood that the continuance, if granted, would accomplish the purpose underlying the party's expressed need for the continuance;" (iii) "the inconvenience to the opposing party, its witnesses, and the court resulting from the continuance;" and (iv) "the need asserted for the continuance and the harm that [the movant] might suffer as a result of the district court's denial of the continuance." United States v. West, 828 F.2d 1468, 1470 (10th Cir. 1987); Chavez. The Tenth Circuit has also said: "No single factor is determinative and the weight given to any one may vary depending on the extent of the [the movant's] showing on the others." United States v. West, 828 F.2d at 1470. "[T]he determination whether the denial of a continuance constitutes an abuse of discretion turns largely upon the circumstances of the individual case." Rogers v. Andrus Transp. Servs., 502 F.3d 1147, 1151 (10th Cir. 2007)(citations omitted)(internal quotation marks omitted).

In Chavez v. Bd. of Educ. of Tularosa Mun. Pub. Sch., No. CIV 05-0380 JB/CG, 2008 WL 6044569 (D.N.M. Oct. 20, 2008)(Browning, J.), the Court denied the defendant New Mexico Public Education Department's Motion to Vacate and Reschedule the Trial Setting. 2008 WL 6044569 at *8. The defendant contended that their alleged "star" witness, Connie Dembrowsky, would be unavailable for the trial setting on November 10, 2008, because she was scheduled to undergo surgery in early November and would recover in approximately six months. 2008 WL 6044569, at *1-*3 (internal quotation marks omitted). Using the Tenth

Circuit standards, the Court found that the defendant did not show "a lack of diligence" from its decision not to take her deposition.  2008 WL 6044569, at *3-*4.  The Court recognized that the defendant based its decision on difficult strategic and pragmatic concerns, and the defendant interviewed the witness and produced a work-product memorandum on her potential testimony; however, the majority of the factors weighed against granting the motion.  2008 WL 6044569, at *3-*4.  First, the defendant's continuance would not necessarily achieve the purpose underlying its need, because the defendant overstated the value of Dembrowsky's testimony and undervalued other witness testimonies.  See 2008 WL 6044569, at *4.  Second, the plaintiffs would suffer prejudice by waiting at least eight months for a new setting when "this case has been in litigation for half of a decade."  2008 WL 6044569, at *6.  Lastly, the defendant would not suffer great harm through its denial of the Motion to Vacate and Reschedule the Trial Setting because Dembrowsky's prior sworn testimony would accomplish the defendant's needs and other witnesses could testify on many of the same matters as in Dembrowsky's potential testimony.  See 2008 WL 6044569, at *7.  The Court, therefore, denied the motion.  See 2008 WL 6044569, at *8.

## ANALYSIS

The Court assesses the Opposed Emergency Motion under the articulated Tenth Circuit standards.  The Court holds that the Defendants were diligent in their request for a continuance and the Opposed Emergency Motion would accomplish the purpose underlying their expressed needs, but the inconvenience to the Plaintiffs and the marginal harm caused by denial of the continuance outweighs the first two factors for granting the Opposed Emergency Motion for the class certification hearing.  The Court will, thus, deny the Opposed Emergency Motion.  The Abraham Plaintiffs preserved their position that they want their class certification hearing to

begin on March 13, 2014, if the Court denies the Opposed Emergency Motion.  The Court, therefore, denies the Unopposed Emergency Motion.

## I.   THE DEFENDANTS ACTED DILIGENTLY IN FILING THE EMERGENCY MOTION TO VACATE.

First, the Court has to resolve whether the Defendants acted diligently when they requested the Opposed Emergency Motion.  See United States v. West, 828 F.2d at 1470.  This factor weighs in favor of granting the Opposed Emergency Motion.  The Defendants could not have acted more diligently based on this unfortunate situation.

On the morning of March 7, 2014, Terry informed the Defendants that her father had died and that she would be unavailable for the class certification hearings during the week of March 10, 2014.  See Liberty at 5:37:02-37:19 (Sheridan).  The Defendants contacted the Anderson Plaintiffs to receive their response for the Opposed Emergency Motion and filed their motions on the same day.  See Opposed Emergency Motion ¶ 3, at 2.  Although the Defendants filed their Opposed Emergency Motion on the eleventh hour before the class certification hearing, the death of Terry's father was a sudden and unexpected event in which Defendants took immediate action.  See Opposed Emergency Motion ¶ 1, at 1.  The Defendants could perform no other action than communicating with the Plaintiffs about the Opposed Emergency Motion and filing it with the Court on March 7, 2014.

## II.   GRANTING THE EMERGENCY MOTION TO VACATE WOULD ACCOMPLISH THE PURPOSE UNDERLYING THE DEFENDANTS' NEED FOR A CONTINUANCE.

Second, the Court needs to determine the likelihood that the Opposed Emergency Motion will achieve the purpose underlying the Defendants' expressed need for the continuance.  See United States v. West, 828 F.2d at 1470.  The purpose of vacating the class certification hearing

is to permit Terry to testify on matters that the Defendants believe are essential to their defense and allow her to consult with the Defendants during the course of the hearings.  While the Opposed Emergency Motion would achieve this purpose, this factor does not weigh heavily in favor of the Opposed Emergency Motion.

The Defendants contend that a court's decision on a class certification hearing often rests heavily on expert testimony.  See Liberty at 5:36:40-36:58 (Sheridan).  The Court will not deny the merits of expert testimony; however, it does not need to evaluate the benefits of expert testimony for this hearing, because the Court will allow Terry to testify at a later date for the hearing.  See Liberty at 5:47:23-47:30 (Court).  Further, it is beneficial to the Defendants that their expert witness observe the court proceeding; however, Terry will receive the hearing transcripts, allowing her to use these documents in her attempt to discredit the Anderson Plaintiffs' expert witnesses when she ultimately testifies at the hearing.  Terry can fulfill the purpose of consultation -- assist in the discrediting of the Plaintiffs' expert witnesses -- at the Anderson class certification hearing.  Such a process is not perfect, but this accommodation to Terry largely mitigates any prejudice to the Defendants.

## III.   VACATING AND SETTING A NEW HEARING WOULD HEAVILY INCONVENIENCE THE PLAINTIFFS.

Third, the Court needs to decide whether granting the Opposed Emergency Motion will inconvenience the Anderson Plaintiffs and their witnesses.  See United States v. West, 828 F.2d at 1470.  The Defendants characterize the inconvenience for the Anderson Plaintiffs' out-of-state attorneys, expert witnesses, and the Plaintiffs currently traveling to Albuquerque on the eve of the class certification hearing as "primarily monetary."  Liberty at 5:37:33-37:42. (Sheridan). The Defendants contend that this issue can be resolved and the Defendants may reimburse the

travel costs.  <u>See</u> Liberty at 5:37:33-38:08 (Sheridan).  Even assuming the Defendants reimburse these individuals, this solution does not resolve the full inconvenience that the <u>Anderson</u> Plaintiffs will face.

The Court originally set the <u>Anderson</u> class certification hearing for early October, but it was moved to March 10, 2014.  <u>See</u> Liberty at 5:43:00-43:07 (Zedalis).  It is the eve of the hearing, and the attorneys, expert witnesses, and Plaintiffs for the <u>Anderson</u> case are ready to travel or are already travelling for the hearing.  Now, the Defendants want the Court to vacate and set the hearing on a new date.  This decision would force the <u>Anderson</u> attorneys, expert witnesses, and Plaintiffs to rearrange their time and possibly work schedules, and wait for what could possibly be another few months for a new setting when they are so close to the current hearing.  The Plaintiffs have waited for their day in court.  The Court will not inconvenience the <u>Anderson</u> Plaintiffs without adequate justification.  The Defendants have not sufficiently justified the Opposed Emergency Motion.

## IV.    **THE DEFENDANTS WILL NOT SUFFER GREAT HARM FROM THE COURT'S DENIAL OF THE EMERGENCY MOTION TO VACATE.**

Finally, the Court must determine the harm that the Defendants will suffer if it does not grant the Opposed Emergency Motion.  <u>See</u> <u>United States v. West</u>, 828 F.2d at 1470.  At the hearing on March 7, 2014, the Defendants argued that it is "essential" for their defense to have Terry present and fully participate in the class certification hearings.  Liberty at 5:44:25-44:41(Sheridan).  Based on this logic, the Defendants assert that, if their expert witness is unavailable at the hearing, they will suffer a serious disadvantage.  <u>See</u> Liberty at 5:45:55-46:05 (Sheridan).  These arguments are unpersuasive.

The Court will allow the Defendants' expert witness to testify at a later date for the class certification hearing.  Although Terry may not be available to assist with the cross examination of the Plaintiffs' expert witnesses in the <u>Anderson</u> case, she will possess the depositions and the trial transcript, permitting her to discredit the Plaintiffs' expert witnesses through her testimony. The Defendants propose to consult with Terry during the hearings to attempt to discredit the Plaintiffs' expert witnesses on cross-examination.  While the Defendants would receive a benefit from live observations, the Court finds that Defendants will only suffer marginal harm. At some point, she can take the stand and criticize the Plaintiffs' experts.

Additionally, the Court has found that the <u>Anderson</u> Plaintiffs will suffer prejudice if the Opposed Emergency Motion is granted.  The <u>Anderson</u> Plaintiffs will have to rearrange their schedules, wait another few months for the hearing, and handle monetary issues.  The Court will not shift the inconvenience that the Defendants currently face onto the Plaintiffs.  <u>See</u> Liberty at 5:46:44-46:55 (Court).  With the Court's capability to hear Terry's testimony at a later date and Terry's ability to use the transcript in her attempt to discredit expert witnesses, the <u>Anderson</u> Plaintiffs would face more prejudice than the Defendants if the Court continues the hearing. Moreover, the other factors, where the Defendants acted diligently and satisfied the likelihood of accomplishing the underlying purpose of the continuance, do not change the Court's analysis. The prejudice to the <u>Anderson</u> Plaintiffs and the marginal harm to the Defendants heavily outweigh the other two factors.

The Court will, accordingly, deny the Opposed Emergency Motion.  The <u>Abraham</u> Plaintiffs preserved their position that, if the Court denies the Opposed Emergency Motion, then they want the <u>Abraham</u> class certification hearing to begin on the set date.  The Court will, therefore, also deny the Unopposed Emergency Motion.

**IT IS ORDERED** that the Defendants' Emergency Motion to Vacate Class Certification Hearing, filed March 7, 2014 (Doc. 220), and the Defendants' Unopposed Emergency Motion to Vacate Class Certification Hearing, filed March 7, 2014 (Doc. 165), are denied.

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

Turner W. Branch
Cynthia Zedalis
Branch Law Firm
Albuquerque, New Mexico

--and--

Karen Aubrey
Law Office of Karen Aubrey
Santa Fe, New Mexico

--and--

Brian K. Branch
The Law Office of Brian K. Branch
Albuquerque, New Mexico

--and--

Stephen R. McNamara
Brian T. Inbody
McNamara, Inbody & Parish, PLLC
Tulsa, Oklahoma

--and--

- 13 -

Bradley D. Brickell
Brickell & Associates, P.C.
Norman, Oklahoma

    *Attorneys for Plaintiffs Anderson Living Trust, Pritchett Living Trust,*
       *Cynthia W. Sadler, Robert Westfall, Lee Wiley Moncrief 1998 Trust, Kelly Cox*
       *Testamentary Trust 7/1238401, Minne Patton Scholarship Foundation Trust and*
       *SWMF Properties, Inc.*

Jake Eugene Gallegos
Michael J. Condon
Gallegos Law Firm, P.C.
Santa Fe, New Mexico

    *Attorneys for Plaintiffs Steven J. Abraham and H Limited Partnership*

Sarah Jane Gillett
Dustin Perry
Hall, Estill, Hardwick,
Gable, Golden & Nelson, P.C.
Tulsa, Oklahoma

--and--

Christopher A. Chrisman
Holland & Hart LLP
Denver, Colorado

--and--

Mark F. Sheridan
Bradford C. Berge
Robert J. Sutphin
John C. Anderson
Holland & Hart LLP
Santa Fe, New Mexico

    *Attorneys for the Defendants*