**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

**STEVEN J. ABRAHAM, and**
**H LIMITED PARTNERSHIP**
**on behalf of themselves and others**
**similarly situated,**

**Plaintiffs,**

**vs.** **No. 12-CV-00917-JB-CG**

**WPX ENERGY PRODUCTION, LLC,**
**f/k/a WILLIAMS PRODUCTION COMPANY, LLC,**
**WILLIAMS FOUR CORNERS, LLC and**
**WILLIAMS ENERGY RESOURCES, LLC,**

**Defendants.**

# MOTION TO DETERMINE CLASS CERTIFICATION BASED ON THE CLASS DEFINITION CONTAINED IN PLAINTIFFS' FOURTH AMENDED COMPLAINT

## INTRODUCTION AND SUMMARY OF ARGUMENT

Plaintiffs announced a new class definition in the final moments of closing argument. Prior to that announcement, Plaintiffs, Defendants and their experts spent thousands of hours building their respective cases around the definition contained in Plaintiffs' Fourth Amended Complaint. The Parties and their witnesses presented their respective positions on that definition over the course of a five-day evidentiary hearing. Plaintiffs' new definition is an eleventh hour attempt to expand their putative class to avoid the consequences of WPX's unrebutted evidence that first, a significant amount of WPX gas is not subject to the class claims, and second, the definition contained in Plaintiffs' Fourth Amended Complaint renders the class unascertainable.

The Court, however, is bound by the definition contained in Plaintiffs' Fourth Amended Complaint. Plaintiffs must obtain leave to amend their complaint in order to effect a new class definition. Plaintiffs have not sought the required leave to amend, and the time in which to do so

has long passed. Accordingly, the Court must base its class certification determination on the class definition contained in Plaintiffs' Fourth Amended Complaint.

**BACKGROUND**

1. Plaintiffs' Fourth Amended Complaint[1] defines Plaintiffs' class as:

> All present and former owners of royalty and overriding royalty which burden oil and gas leases and wells in the San Juan Basin of Colorado and all present and former owners of royalty and overriding royalty which burden oil and gas leases and wells in the San Juan Basin of New Mexico, which leases and wells are now or were formerly held by WPX Energy Production LLC, Williams Production Company LLC, or their corporate affiliates, successors or predecessors in title, which leases are productive of oil and productive of natural gas that is or has been delivered to processing plants for extraction and marketing of natural gas liquids from the gas at the Ignacio Plant in La Plata County, Colorado, the Kutz Plant in San Juan County, and the Lybrook Plant in Rio Arriba County, New Mexico.
>
> The class membership excludes the United States of America in its own right and as trustee for Indian tribes or Indian lessors and any other lessors for which an agency of the Secretary of Interior administers royalties. The class excludes the State Land Board of Colorado and the Commissioner of Public Lands of New Mexico and oil and gas leases issued by either of those states.

Plaintiffs' Fourth Amended Complaint, ¶ 25 (Doc. No. 96-1).

2. Plaintiffs' January 13, 2014 Renewed Motion for Class Certification requests certification of the same class defined in Plaintiffs' Fourth Amended Complaint. Doc. No. 116, ¶ 3.

3. The Court heard evidence relating to Plaintiffs' Renewed Motion for Class Certification on March 13-14, May 7-8, and June 30, 2014.

---

[1] At the February 21, 2014 hearing in this matter, the Court indicated from the bench that it would allow Plaintiffs to file their Fourth Amended Complaint. *Cf.* Doc. No. 132. An order has not yet been entered.

4. Throughout the presentation of evidence, Plaintiffs relied on the class definition contained in Plaintiffs' Fourth Amended Complaint. *See, e.g.*, Tr. Vol. 1, 159:10-15 (Hajny); Tr. Vol. 2, 360:21-361:4. (McArthur).

5. Throughout the presentation of evidence and as part of their defense, Defendants relied on the class definition utilized by Plaintiffs, i.e., the definition contained in Plaintiffs' Fourth Amended Complaint. *See, e.g.*, Tr. Vol. 4, Tr. Vol. 4, 645:8-646:7 (Emory).

6. After the close of evidence, and in the final moments of closing argument on July 14, 2014, Plaintiffs' counsel stated, "our class definition addition calls for a couple modifications . . . we also propose that the class definition speak to the gas and liquids processed at the various plants, or if not processed, the gas is or has been allocated natural gas liquids, because that's actually the methodology by which natural gas liquids are attributed when royalty is paid on them, and would be attributed when royalty is to be paid on them by order of this Court, if the plaintiffs' claims are successful." Tr. Vol. 6, 1033:2-16.

7. At the request of Defendants' counsel and the Court, Plaintiffs' counsel provided a handout containing Plaintiffs' new class definition, as follows:

> All present and former owners of royalty and overriding royalty that~~which~~ burden oil and gas leases and wells in the San Juan Basin of Colorado, and in the San Juan Basin of New Mexico, ~~and all present and former owners of royalty and overriding royalty which burden oil and gas leases and wells in the San Juan Basin of New Mexico,~~ which leases and wells are now or were formerly held by WPX Energy Production LLC, Williams Production Company LLC, or their corporate affiliates, successors or predecessors in title, which leases and wells produce or have been ~~are~~ productive of ~~oil and~~ ~~productive of~~ conventional recovered from sandstone or shale formations, and the ~~natural~~ gas ~~that~~ is or has been delivered for processing ~~to~~ ~~processing plants for extraction~~ and marketing of natural gas liquids and ~~from the~~ processed gas at the Ignacio Plant in La Plata County, Colorado, the Kutz Plant in San Juan County, ~~and~~ or the Lybrook Plant in Rio Arriba County, New Mexico or if not processed, the gas is or has been allocated natural gas liquids.

> The class membership excludes the United States of America in its own right and as trustee for Indian tribes or Indian lessors and any other lessors for which an agency of the Secretary of Interior administers royalties. The class excludes the State Land Board of Colorado and the Commissioner of Public Lands of New Mexico and oil and gas leases issued by either of those states. The class excludes WPX Energy Production, LLC, f/k/a Williams Production Company, LLC, Williams Four Corners, LLC and Williams Energy Resources, LLC, and their predecessors, successors and affiliates.

*See* Document provided to the Court and Defendants' Counsel following Plaintiffs' closing (redline added to show amendments); *see also*, Tr. Vol. 6, 1034.

## ARGUMENT

### I. PLAINTIFFS' NEW CLASS DEFINITION IS BROADER THAN THE DEFINITION CONTAINED IN THEIR OPERATIVE COMPLAINT AND FOR WHICH THEY SOUGHT CERTIFICATION.

The class definition pled in the Fourth Amended Complaint, and for which Plaintiffs sought certification in their Renewed Motion for Class Certification, includes gas that is *both* physically delivered to the Ignacio, Kutz and Lybrook plants and is actually processed for the extraction of natural gas liquids. *See* Doc. No. 96-1, ¶ 25 ("natural gas that is or has been delivered to processing plants for extraction and marketing of natural gas liquids from the gas at the Ignacio Plant . . . the Kutz Plant . . . and the Lybrook Plant[.]"); *id.*, ¶ 16 ("This action and the plaintiffs' claims are directed at WPX Equity Gas that is processed for the extraction of NGLs at processing plants in the San Juan Basin . . . ."); *id.*, ¶ 29 ("The WPX Equity Gas that is the subject of this action is processed by Williams at their Ignacio Plant and at the Kutz or Lybrook Plants."); *see also* Tr. Vol. 4, 645:8-646:7; Tr. Vol. 2, 360:25-361:4.

Plaintiffs' new class definition is broader than the definition pled in Plaintiffs' Fourth Amended Complaint, and also broader than the class for which Plaintiffs seek

certification in their Renewed Motion for Class Certification. Plaintiffs' new class definition is broader because it seeks to make subject to Plaintiffs' claims in this case gas which was not processed - by WPX, WFC or anyone else. While the new class definition *retains* the condition of physical delivery to the Ignacio, Kutz and Lybrook plants (i.e., "gas is or has been delivered for processing . . . at Ignacio . . . Kutz . . . Lybroook"), it *removes* the condition that the gas is actually processed for the extraction of natural gas liquids and *replaces* that condition with gas that has been "allocated natural gas liquids, (i.e., "or if not processed, the gas is or has been allocated natural gas liquids.")[2]

Plaintiffs' new definition implicates two categories of WPX gas. At the class certification hearing, WPX presented unrebutted evidence that over the class period (1) 8-10% of its production is physically delivered to the Ignacio plant, but was not processed for the removal of entrained liquefiable hydrocarbons because it "bypassed" around the processing units; and (2) for 16% of WPX's production, it cannot be determined whether the gas was processed for the removal of entrained liquefiable hydrocarbons; however, even if some of that gas was processed, the wells from which that gas was produced cannot be identified. *See* FOF Nos. 8-12, Doc. 218.

WPX's unrebutted evidence thus establishes that the first category of gas is not included in the class claims, and the second category of gas renders the class unascertainable, as a matter of law. *See* COL Nos. 7-12, Doc. 218. Plaintiffs' new definition is a transparent attempt to avoid these inescapable conclusions.

[2] WPX established as a matter of fact that if gas is not both actually physically delivered to the Ignacio, Kutz and Lybrook plants and actually processed for the extraction of natural gas liquids, no "gas is or has been allocated natural gas liquids." *See* FOF Nos. 25-33.

## II. THE COURT MUST DETERMINE CLASS CERTIFICATION BASED UPON THE DEFINITION CONTAINED IN THE OPERATIVE COMPLAINT.

In the face of the conflict between the class definition contained in the Fourth Amended Complaint and the new (and broader) class definition offered by Plaintiffs' counsel during closing arguments, the Court is bound by the class definition contained in the complaint. *See Costelo v. Chertoff,* 258 F.R.D. 600, 604-05 (C.D. Cal. 2009); *Berlowitz v. Nob Hill Masonic Mgmt., Inc.*, 1996 WL 724776, *2 (N.D. Cal. Dec. 6, 1996) (same). A plaintiff may not expand their class definition through a motion to certify the class. *See, e.g., Phelps v. Parsons Technical Support, Inc.*, 2010 WL 4386918, *3-4, (S.D. Ind. Oct. 29, 2010); *Nerland v. Caribou Coffee Co., Inc.,* 564 F. Supp.2d 1010, 1033, fn. 12 (D. Minn. 2007). Rather, the express terms of the complaint establish the operative class definition. *Nerland*, 564 F. Supp. 2d 1033, fn. 12.

The court's consideration of a class definition not contained in the complaint results in the court either *sua sponte* engaging in, or allowing the parties, *de facto* amendments of the pleadings. *Id.*; *Heastie v. Community Bank of Greater Peoria*, 125 F.R.D. 669, (N.D. Ill. 1989) ("we refuse[] to treat the motion for class certification as a "de facto amendment" of the pleading[.]"); *Cf. Bennett v. Central Telephone Co. of Ill.*, 97 F.R.D. 518, 521 (N.D. Ill. 1983) (finding that motion to "clarify" or "amend" the class definition is, in effect, an effort to amend the complaint). Accordingly, in order to have their new class definition considered, Plaintiffs (who seek certification of a class different and broader than the class defined in their complaint) must obtain leave to amend their complaint. *See Clarke v. Baptist Mem'l Healthcare Corp.*, 264 F.R.D. 375, 381 W.D. Tenn. 2009 ("To accommodate a new proposed class definition, plaintiffs will need to amend the complaint."); *Costelo*, 258 F.R.D. at 604-05 ("The Court is bound to class

definitions provided in the complaint and, absent an amended complaint, will not consider certification beyond it.”).

## III. PLAINTIFFS HAVE NOT SOUGHT LEAVE TO AMEND TO ASSERT THEIR NEW CLASS DEFINITION, BUT IN ANY EVENT THE DEADLINE FOR AMENDMENTS TO THE PLEADINGS HAS PASSED.

The deadline for amendment of the pleadings was August 30, 2013. Doc. Nos. 52, 53. While Plaintiffs have previously sought and obtained leave to amend their complaint long after this deadline (*see* Doc. No. 96; *cf.* Doc. No. 132), Plaintiffs have not sought leave to amend their complaint in order to assert their new class definition. Accordingly, Plaintiffs’ attempt to broaden their class is untimely. The Court is therefore bound by the class as defined in Plaintiffs’ Fourth Amended Complaint, and must determine class certification of the class there defined.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court ignore Plaintiffs’ new class definition, and determine whether the class defined in Plaintiffs’ Fourth Amended Complaint meets the requirements of Federal Rule of Civil Procedure 23.

Respectfully submitted,

**HOLLAND & HART LLP**

*/s/ Robert J. Sutphin*

Robert J. Sutphin
Mark F. Sheridan
John C. Anderson
110 N. Guadalupe, Suite 1
Post Office Box 2208
Santa Fe, New Mexico 87505
rsutphin@hollandhart.com
msheridan@hollandhart.com
jcanderson@hollandhart.com

Christopher A. Chrisman
555 17th Street, Suite 3200
Denver, Colorado 80202
cachrisman@hollandhart.com

**HALL, ESTILL, HARDWICK, GABLE, GOLDEN & NELSON, P.C.**
Sarah Jane Gillett
Dustin Perry
320 South Boston Avenue, Suite 200
Tulsa, Oklahoma 74103
sgillett@hallestill.com
dperry@hallestill.com

**ATTORNEYS FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

I hereby certify that on the 10th day of September, 2014 the foregoing was filed electronically through the CM/ECF system, which caused the following counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing.

J. E. Gallegos
jeg@gallegoslawfirm.net

Michael J. Condon
mjc@gallegoslawfirm.net

*/s/ Robert J. Sutphin*
Robert J. Sutphin

7067967_1